Treat, C. J. This was a foreign attachment sued out by Berrian against Bowley, on the 17th of January, 1848. The affidavit, on which the attachment was founded, after reciting, a promissory note, made by the defendant to the plaintiff, bearing date at Hew York, on the 4th of April,. 1840, for $212 57, payable in sixty days, proceeded as follows: “That there is now due from the said Bowley to him the said Berrian on said note, $212 57 principal, with interest thereon at the rato of seven per cent, from June 6th, 1840, $118 28, and costs of protest, 75 cts., besides damages on protest.” The jurat was subscribed, “W. H. Bennison, H, P., for the city of Quincy, in Adams- county, Illinois” The writ of attachment was levied on real estate. There was a publication of notice of the pendency of the proceeding, in which the amount claimed to be recovered was stated to be $826 57—the aggregate of the sums specified in the affidavit The plaintiff in his declaration claimed to recover in addition, fourteen per cent, on the amount of the note, as-damages allowed by the law of Hew York on account of'the protest for non-payment. The defendant was not served with process, nor was his appearance entered. On the 80th of May, 1848, a judgment was entered in favor of the plaintiff, for $364 75 and costs, with an award of execution against the property attached. The defendant now assigns error on the record. It is contended, that the affidavit was not made before an officer competent to administer oaths. The characters H. P. aro an abbreviation of the term notary public. They are in common use, and well understood. They as clearly indicate the office of notary public, as do the characters J. P. that of justice of the peace; and this Court has repeatedly decided that such is the meaning of the latter initials. Shattuck v. The People, 4 Scammon, 477; Livingston v. Kettelle, 1 Gilman, 116. It sufficiently appears from the record, that the affidavit was made before a notary public of the county in which the action was commenced. Proof of Ms official character was not required. A Circuit Court will take notice who are notaries for the county in which it is held. Stout v. Slattery, ante, 162. But it is objected, that a notary cannot take an affidavit, which is to become the foundation of an attachment, unless he authenticates the same under his seal of office; and the 32cl section of the 9th chapter of the Bevised Statutes is referred to as sustaining this position. That section declares, that “The affidavit required in the first section of this chapter may be sworn to before any officer authorized by the laws of this state to administer oaths, or by any officer of any state, territory or district of the United States; the fact that the person administering such oath is duly authorized, to be proved in the same manner as in the acknowledgment and authentication of deeds.” We understand this provision as embracing two classes of cases. First. The affidavit may be made before any officer authorized by the laws of this state to administer oaths, and when so made, the official character of the individual administering the oath may be proved as in other cases. If made in the county in which the suit is brought, proof of the official character of the jierson administering the oath is not ordinarily required. The Courts will take notice who are authorized to administer oaths within the county. If the oath is taken in another county, the authority of the person administering it must be established by evidence competent for the purpose. Second. The affidavit may be made out of the state, before any officer authorized by the statute to take the acknowledgment of deeds to land lying in this state; and when thus made, the same proof of the official character of the person administering the oath "must be made, as in the case of the acknowledgment of a deed. The same officers in other states, who are authorized to take the acknowledgment of deeds to be recorded in this state, may take affidavits to be used in cases of attachment; and their acts in either case arc to be authenticated in the same manner. The statute allows deeds to be proved or acknowledged before any judge of the” courts of the United States, any commissioner to take the acknowledgment of deeds, and any judge of the supreme, superior, or circuit courts of any of the states or territories of the United States; and no other proof, than a statement to that effect in the certificates of these officers, is required of their official character. Such a certificate affords primet facia proof of the authority of the person making it. Deeds may also be acknowledged before a clerk of a court of record, mayor of a city, and notary public of another state, but these officers are required to certify the acknowledgments under their seals of office. Deeds may also be acknowledged before a justice of the peace of another state, but the proper clerk must certify his official character. Acts of 1847, p. 37. It is insisted, that the judgment is erroneous, because it is for a greater amount than the sum claimed in the affidavit, and set forth in the notice of publication. We are inclined to regard this objection as well taken. The proceeding by attachment is in derogation of the common law, and in the nature of a proceeding in rem; and where, as in this ease, there is neither personal service on the defendant, nor appearance by him, and the regularity of the proceeding arises directly and not collaterally, a substantial compliance with the requirements of the statute ought to appear on the face of the record.. The law requires the plaintiff to file an affidavit, setting forth particularly the nature and amount of the indebtedness; and the advertisement to the defendant must apprise him of the amount claimed by the plaintiff. The writ of attachment commands the sheriff to attach so much of the estate of the defendant, as will be sufficient “to satisfy the claim sworn to, with interest and costs of suit.” The judgment can only be satisfied out of the property levied on. It is not, for any- other purpose, even prima facie evidence of indebtedness. It is evidently the design of the statute, that the plaintiff shall be restricted to the particular demand set out in his affidavit. The Court may upon satisfactory proof enter a judgment for the plaintiff, for the amount claimed in the affidavit and accruing interest, and subject the estate attached to the satisfaction thereof, and the costs of the proceeding. Beyond this, the Court has no authority to adjudicate upon the rights of the parties. It only has jurisdiction of the person of the defendant, for the purpose of subjecting the property attached to the payment of the particular cause of action specified in the affidavit. This precise question arose in the case of Henrie v. Sweazy, 5 Blackford, 273. There, the plaintiff in his affidavit for the attachment claimed a certain amount to be due him, and he recovered a judgment by default for a larger sum. In holding the judgment to be erroneous, the Court remarked: “The plaintiff in attachment is not entitled to a j udgment for a greater sum than he demands by his affidavit, together with interest, if the debt be such as to draw interest.” The cases in Maine and Massachusetts, referred to as establishing a different doctrine, have no application to this proceeding. Those decisions were made in actions in personam. Where a defendant in attachment is before the Court, either by the service of process, or by the entry of an appearance, the suit then becomes a proceeding in persojiam; and, if the defendant does not take advantage of the variance between the writ and declaration by motion or plea in abatement, the plaintiff may declare on other causes of action than those specified in the affidavit, and the judgment will have the like force and effect of a judgment in an ordinary action. But this is not such a case. The defendant was not before the Court, and the judgment includes a demand not stated in the affidavit. Although growing out of the note sued on, it is for the purposes of this case another and distinct demand. It was mentioned generally in the affidavit, but no specific sum was claimed to be due in respect of it, and the advertisement did not notify the defendant that such a claim would be insisted on. The reference to this demand in the affidavit, not being specific, must be disregarded. It is as if no allusion had been made to it. Allowing the plaintiff interest on the amount sworn to be due up to the rendition of the judgment, and there is a considerable excess, which was no doubt caused by including the damages claimed in the declaration on account of the protest of the note. Eor this error the judgment must be reversed, with costs, and the cause remanded. Judgment reversed.