| 39 | 341 |
| 108 | ¹168 |

## C. D. HAM ET AL.

### V.

## RICHARD A. PEERY, FOR USE, ETC.

*Garnishment—Bank—Certificate of Deposit—Costs—Judgment—Informality in—Practice—Demand.*

1. Garnishees are not liable for costs, but for the amount in their hands belonging to the debtor in attachment; and the attaching creditor can make a demand that will be availing only by suing out the writ and causing it to be served on the garnishees, and from the time of service the money then in their hands, belonging to the debtor in attachment, becomes subject to the legal claims of the attaching creditor against such debtor.

2. The proper practice in such cases is to enter judgment against the garnishee in favor of the defendant in attachment for the benefit of the attachment creditor, and whatever surplus there may be after paying the creditor and costs belongs to the debtor in attachment.

[Opinion filed February 2, 1891.]

IN ERROR to the Circuit Court of Jefferson County; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. ALBERT WATSON, for plaintiffs in error.

Mr. GEORGE B. LEONARD, for defendant in error.

GREEN, J.   Richard A. Peery deposited on February 13, 1890, in the bank of C. D. Ham & Co., $200, and took a certificate of deposit therefor, of that date, payable to the order of himself, on demand, after date.   On February 16, 1890, John J. Manion sued out a writ of attachment against Peery, and on February 18, 1890, plaintiffs in error were served as garnishees of Peery.   In the justice court judgment was rendered against the garnishees, in favor of Peery, for the use of Manion.   An appeal from this judgment was taken to the Circuit Court, where the cause was tried by the court without a jury.   The court found that Peery was indebted to Manion in the sum of $23.65 and costs recovered in the justice's court; that on March 3, 1890, and after the date of the service of attachment writ from the justice court on the firm of C. D. Ham & Co., that firm had in their possession $200, which had been deposited by Peery in their bank on or about February 17, 1890, and a certificate of deposit therefor was delivered to Peery by said firm, which was due and payable to him at the time it was so delivered; that said certificate had not been assigned or transferred and was held and owned by Peery on the 3d day of March aforesaid.   The court entered the following judgment on its findings :  " Judgment is therefore rendered against the defendant, C. D. Ham & Company, and in favor of Richard A. Peery, for the sum of (formerly) $200, $23 and the costs of this suit (in the proceedings below as well as in this court) being for the use of John J. Manion.   It is therefore ordered that said John J. Manion, as aforesaid, recover of said C. D. Ham & Company the said sum of $23.65 and costs aforesaid, and that execution issue therefor."

Plaintiffs in error bring the record up to this court and ask us to reverse the judgment for two reasons :  first, because no demand was made upon plaintiffs in error for the payment of the money deposited by Peery, and it being one of the con-

Ham v. Peery.

ditions of the certificate that said money should be payable to the depositor or his assignee *on demand*, the condition must be complied with, and such demand made, before the bankers can be held liable as garnishees of Peery.

One purpose of the attachment act is, to subject the money, credits and property belonging to the debtor, held by others and not in his possession, to the payment of the legal claims of his attaching creditors. This purpose would be defeated if the contention should be sustained. With equal reason it might be urged the bankers would not be so liable if the demand was made without the return of the certificate, because not only is demand necessary but the money is payable *on the return* of the certificate by the very terms thereof; and it would follow that a debtor, having money on deposit which ought to be appropriated to the payment of his just debts, by refusing to demand the money and return the certificate, could place the deposit out of the reach of his attaching creditors. The purpose of a demand by a depositor upon the banker, is to give the latter an opportunity to pay and avoid a suit and the costs thereof. Garnishees are not liable for costs but for the amount in their hands belonging to the debtor in attachment, and the attaching creditor can make a demand that would be availing only by suing out the writ and causing it to be served on the garnishees, and from the time of service the money, then in their hands, belonging to the debtor in attachment, becomes subject to the legal claims of the attaching creditor against such debtor. In our judgment the first reason suggested why this court should reverse is not tenable.

The second reason for reversing is, " That the judgment as entered is informal and affords no protection to plaintiffs in error."

The judgment of the court below we have quoted literally, and it appears thereby judgment was rendered against C. D. Ham & Co. in favor of Richard A. Peery, for $200, and judgment was also rendered against them in favor of John J. Manion for $23.65 and costs. A judgment for a certain amount is rendered in favor of one person, and another judgment for a different and additional amount is also entered in

favor of another person, together aggregating $223.65, and against garnishees having but $200 in their hands belonging to the debtor in attachment. This judgment is informal and erroneous and must be reversed. Manion had no legal right to recover in his own name a judgment against plaintiffs in error. The proper and established practice in this State is to enter judgment against the garnishee in favor of the defendant in attachment for the benefit of the attachment creditor. Whatever surplus there may be after paying the creditor and costs, belongs to the debtor in attachment. Stahl et al. v. Webster et al., 11 Ill. 511; Webster et al. v. Steele et al., 75 Ill. 544. The judgment is reversed and the cause remanded, the costs in this court to be taxed against John J. Manion.

*Reversed and remanded.*