## O. W. Buckingham et al. v. Frederick J. Shoyer, Interpleader.

1. INTERPLEADER—*What Judgment Entitled to.*—An interpleader is permitted for the purpose of establishing his title to the property or fund in dispute. The sole issue is the ownership of the property, and if he succeeds in establishing his title to the property or fund, as against the plaintiffs in the attachment, the only judgment he is entitled to is for his costs.

2. GARNISHMENT—*Funds in Custodia Legis.*—Funds in the hands of a garnishee are *in custodia legis* immediately on the service of the writ upon him, and from that time he holds the funds as agent of the court and remains in the custody of the law, subject to the determina-

tion of the court, when the issues or interpleas or other claims shall be made up, of the ownership of such funds.

3. JUDGMENTS—*Subsequently Reversed.*—At common law, when money had been paid on a judgment which is afterward reversed, restitution might be ordered without a *scire facias.*

4. SAME—*Discharge of the Garnishee—Costs.*—When it appears that the money or property in the hands of a garnishee is not the money or property of the defendant in the attachment, the proper judgment is that the garnishee be discharged and that the interpleader recover his costs of and from the plaintiffs in the attachment. In such case the garnishee should also receive his costs.

Garnishment, Interpleader, etc.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed January 4, 1900.

Statement by the Court.—September 8, 1893, appellants sued out a writ of attachment against James Bole for a claim of $1,279.25, by which Marshall Field & Co. and George P. Gore & Co. were directed to be served as garnishees, which writ was returned by the sheriff no property found and served on said garnishees. There was no personal service on the defendant Bole. He was served by publication only. September 20, 1893, interrogatories to the garnishees were filed, which were answered by Marshall Field & Co. September 20, 1893, admitting indebtedness to Bole, the defendant in attachment, in the sum of $718.10, and by George P. Gore & Co., admitting indebtedness to Bole in the sum of $360.70. September 20, 1893, appellee, Shoyer, filed an interplea claiming that the moneys in the hands of the garnishees belonged to him as assignee. Appellee's plea of interpleader was subsequently amended by averring that September 6, 1893, James Bole and wife, by deed of assignment, assigned to him, Shoyer, all his property wherever situated or found, in trust, to dispose of the same and to pay all just demands of his, Bole's, creditors, and also by averring that, by virtue of said assignment, the moneys in the hands of said garnishees belonged to him, Shoyer.

October 6, 1893, judgment was rendered by default in favor of the plaintiff in the attachment suit (appellants

here), and against Bole for the sum of $1,279.50 and costs of suit, and in favor of Bole for the use of appellants, against Marshall Field & Co. as garnishee, for $718.10, and against George P. Gore & Co., garnishees, for $360.70. November 16, 1893, while appellee's interplea was pending, the garnishees paid to appellants the amount for which judgments were rendered against them, as above stated, and November 17, 1893, appellants entered on the record satisfaction of the judgments against the garnishees.

May 27, 1895, appellants joined issue on the interpleader of appellee, a trial was had before the court and a jury in November, 1898, and the jury returned the following verdict:

"We, the jury, find the issues upon the interplea of Frederick J. Shoyer, assignee, for the interpleader, Frederick J. Shoyer, assignee, and find ownership and title to the moneys paid by Marshall Field & Company and George P. Gore & Company to plaintiffs Buckingham and Paulson in said interpleader, Frederick J. Shoyer, assignee."

November 16, 1898, appellee, Shoyer, filed his petition averring the filing of his interplea, the answers of Marshall Field & Co. and George P. Gore & Co., and the judgment rendered as heretofore stated, and averring that appellants, wrongfully and in violation of his rights, collected and received from the garnishees the amounts which they owed, respectively, and that they still hold the same, and praying that he may be adjudged to be the owner of said moneys, and that appellants may be ordered to pay the same to him.

November 30, 1898, the court entered a judgment wherein, after reciting the facts substantially as above stated, it is adjudged that the moneys in the hands of the garnishees at the time of service on them were and still are the property of appellee, Shoyer, and ordering appellants to pay said moneys, amounting to the sum of $10,078.80, to the clerk of the court for the use of Frederick J. Shoyer, and that said Frederick J. Shoyer have execution therefor. From this judgment this appeal is taken.

REMY & MANN, attorneys for appellants.

Under the statute the judgment must be either that the

Buckingham v. Shoyer.

property is in the claimant, and costs of suit, or for costs of suit for the plaintiff in the attachment. (Rev. Stat., Chap. 11, Sec. 29.)

There is no provision in the statute for a judgment *in personam* against the plaintiff in the attachment, except for costs incurred by the interpleader. Mills v. Thompson, 61 Mo. 415; Hewson v. Tootle, 72 Mo. 632.

The judgment in cases like the one at bar, when the interpleader succeeds, should be that the money in the hands of the garnishees is the money of the interpleader, and for costs against the attachment plaintiffs. A money judgment is not proper. Hewson v. Tootle, 72 Mo. 632; Mills v. Thompson, 61 Mo. 415; Com. Nat'l Bk. v. Payne, 60 Ill. App. 346; Walton v. D. C. & B. R. Mills, 37 Ill. App. 264; Glover et al. v. Wells, 40 Ill. App. 350; Carpenter v. McClure, 37 Vt. 127.

The judgment being that the money in the hands of the garnishees is the money of the interpleader, he must be left to pursue his remedy against the garnishees. Carpenter v. McClure, 37 Vt. 127.

The money in the hands of the garnishees having been adjudged to be the money of the interpleader, and such money having been paid to the plaintiffs in the attachment, the interpleader would have his action against the plaintiffs in the attachment for money had and received, and in the event of such a suit being brought, the plaintiffs in the attachment would have the right to set off any claims they might have against the assignee on account of the claim in suit in the attachment proceedings, as well as other claims which may not have been due at the time the attachment proceedings were begun. Trieber v. Blocher, 10 Md. 14; Clark v. Brott, 71 Mo. 473.

PECK, MILLER & STARR, attorneys for appellee, contended that upon the facts disclosed by the record in this cause the court had authority to enter a personal judgment against the holders of the fund—Buckingham & Paulson. 2 Tidd Pr. 1033; Wells, Jur., Sec. 145, p. 135; Winters v. Helm, 3

Nev. 397; Juilliard v. May, 130 Ill. 87; Darby v. Brown, 8 Price, 607.

The judgment, however, was not a judgment in form, but an order that plaintiffs, who had wrongfully obtained possession of the money in controversy, should make restitution thereof, and pay the same into court or to the owner thereof, and was authorized. Bank of U. S. v. Bank of Wash., 6 Pet. (31 U. S.) 299; Doe v. Thorn, 1 M. & S. 425; Clark v. Pinney, 6 Cow. 300; Darby v. Brown, 8 Price, 607; Ryan v. Burkam, 42 Ind. 597; Shirk v. Wilson, 13 Ind. 129; Juilliard v. May, 130 Ill. 87; 2 Tidd Pr. 1033; Morrison v. New Bedford, etc., 7 Gray, 269; Parmer v. Ballard, 3 Stew. (Ala.), 326; Oppenheim v. Pittsburgh, etc., R. Co., 85 Ind. 471; Ohio, etc., Ry. Co. v. Alvey, 43 Ind. 180; Webster v. Lowell, 2 Allen, 123; Howard v. McLaughlin, 98 Pa. St. 440; Telles v. Lynde, 47 Fed. Rep. 912; Himrod v. Baugh, 85 Ill. 437; Shinn on Attach. and Garn., Sec. 474; same, Sec. 671, and cases cited; Drake on Attach., Sec. 710; Cram v. Shackleton, 64 N. H. 44; Lawrence v. Lane, 4 Gilm. 354; Marsh v. Davis, 24 Vt. 363.

In the exercise of its equitable powers to give effect to and carry out its judgment, the trial court, having adjudged the title and ownership of the fund, in the possession of the plaintiffs in attachment, to be in the interpleader, had jurisdiction to order the return of the money and to award execution therefor.

Courts will not put a party who has been adjudged to be the owner of the *res* to the expense and delay of a separate suit to obtain possession of the same. McDonald v. Moore, 65 Ia. 171; Chittenden v. Rogers, 42 Ill. 99; Watkins v. Cason, 46 Ga. 444; Ryan v. Burkam, 42 Ind. 507; Shirk v. Wilson, 13 Ind. 129; Robinson v. Chesseldine, 4 Scam. 332; Watson v. Reissig, 24 Ill. 284; Mason v. Thomas, 24 Ill. 287.

The garnishees having answered, disclosing the amount of their indebtedness and the receipt of the notice of the assignment to the interpleader, and having asked the judgment of the court as to whom they should pay the same, and having paid the same in pursuance of such judgment,

were thereby discharged, and Field & Co. were properly dismissed out of the case.

They can not be made to pay their debt twice. Sandberg v. Papineau, 81 Ill. 446; Himrod v. Baugh, 85 Ill. 435; Minard v. Lawler, 26 Ill. 301; Robertson v. Roberts, 1 A. K. Marsh (Ky.), 247; Richardson v. Hickman, 22 Ind. 244; Harmon v. Birchard, 8 Blackf. (Ind.) 418; Wheeler v. Aldrich, 13 Gray (Mass.), 51; Drake on Attach., Sec. 710.

Should, however, this court consider the order or judgment of the trial court, appealed from, erroneous, appellants will not be allowed to retain fruits of their own wrong; nor will appellee be put to the expense and delay of further litigation to obtain the money in the possession of appellants, adjudged by the court below to be owned by appellee, and which ownership is not here controverted by appellants, but this court will, by its judgment, restore to appellee the fund wrongfully withheld. Union Nat. Bk. v. Manistee Lumber Co., 43 Ill. App. 525; Telfer v. Hoskins, 32 Ill. 165; Hadlock v. Hadlock, 22 Ill. 384; Com'l Ins. Co. v. Scammon, 123 Ill. 601; Baldridge v. Dawson, 39 Mo. App. 527; Hardware Co. v. Randall, 69 Mo. App. 342; Boyle v. Carter, 24 Ill. 49; Hart v. Seixas, 21 Wend. (N. Y.) 40; Market Nat. Bk. v. Paf. Nat. Bk., 102 N. Y. 464; Haebler v. Myers, 15 L. R. A. 588; Tomlinson's Law Dict., title "Restitution;" 2 Lil. Abr. 472; Rolle Abr. 778; Western v. Creswick, 4 Mod. 161; Wilkinson's case, Cro. Eliz. 465.

Mr. Justice Adams delivered the opinion of the court.

The only issues of law in this case are between the appellants and the appellee Shoyer. The question is whether the trial court erred in ordering appellants to pay to the clerk of the court for the use of appellee the moneys appellants had received from the garnishees, Marshall Field & Co. and George P. Gore & Co. This was, in effect, a judgment in favor of appellee and against appellants for the sum of $1,080.80.

The statutory provision in relation to judgment in cases of interpleader is as follows:

"In all cases where the jury find for a claimant, such claimant shall be entitled to his costs; and when the jury find for the plaintiff in the attachment, such plaintiff shall recover his costs against such claimant." 1 S. & C. Stat., Ch. 11, Sec. 29.

It has been held by this court, in at least three cases, that when the interpleader is successful, the judgment should be in his favor for costs. Walton v. Detroit Copper & Brass Rolling Mills, 37 Ill. App. 264; Commercial Nat. Bank v. Payne, 60 Ib. 350; Glover v. Wells, 40 Ib. 350; see also Drake on Attachment, Sec. 460; Peck v. Stratton, 118 Mass. 406; Carpenter v. McClure, 37 Vt. 127.

In Glover v. Wells, *supra*, it was expressly held that a judgment in favor of an interpleader for a sum of money is bad. The right to intervene and interplead in an attachment suit exists only by virtue of the statute, and the statute does not authorize a judgment that the interpleader recover the property in controversy. The object of allowing a third person to intervene as claimant of property, or money garnished, is to protect the garnishees and the intervening claimant; to protect the former against the risk of having to account for the property or the money, as the case may be, to the real owner, in the event that the plaintiff in the attachment is not such owner, and to protect the claimant against the application of his property or money to the payment of the debt of another. He is simply let in for the purpose of establishing his title, if he can, to the property or fund in dispute. The sole issue is whether it is his property, and if he succeeds in establishing his title to the property or fund, as against the plaintiffs in the attachment, the only judgment he is entitled to is for his costs. The question, however, whether the court may order the money paid into court subject to the further order of the court, may become important in further proceedings before the trial court, and therefore may properly be considered here. The situation is this: The funds in the hands of the garnishees were *in custodia legis* immediately on the service of the writ on the garnishees, and from that time the garnishees held the funds as agents of the court.

Drake on Attachment (5th Ed.), Sec. 453a; Brashear v. West, 9 Pet. (U. S.) 608, 622; Shinn on Attachment and Garnishment, Sec. 46; Doane et al. v. Keating, 12 Leigh (Va.), 391, 425.

Appellee's interplea was filed September 20, 1893. It is recited in the judgment of November 30, 1898, that no notice was served on appellants, the garnishees, or their attorneys, of the filing of the interpleader; but the statute requires no such notice any more than does the practice act require notice of the filing of a plea. Appellants were in court by their attorneys, and must be presumed to know the law that a plea of interpleader might be filed, and, when filed, they were bound to take notice of it.

Notwithstanding the judgment of October 6, 1893, the funds in the hands of the garnishees still remained in the custody of the law, subject to the determination by the court, when the issues on the interplea should be made up, of the question whether the funds in the hands of the garnishees belonged to Bole, the defendant in the attachment, or to appellee; and when the appellants, pending the interplea, took the funds from the garnishees and appropriated them to their own use, they took them out of the custody of the law.

In Darley v. Brown, 8 Price (Ex. R.), 607, the defendant, Brown, after action commenced, but before judgment, obtained his discharge under the insolvent act, the claim sued on being included in his schedule, notwithstanding which, the plaintiff proceeded to judgment, and collected it by execution. A rule requiring the plaintiff to show why the execution should not be set aside, and the money levied under it restored to the plaintiff, was made absolute. At common law, when money had been paid on a judgment which was afterward reversed, restitution might be ordered without a *scire facias*. 2 Tidd's Prac., Sec. 1033.

After a sale on execution, it appearing that the execution was irregular, it was ordered that the money be returned to the defendant. Doe v. Thorn, 1 Maule & Sel. 425; see also Arrowsmith v. Vanarsdale, 21 N. J. 471; Herman on Executions, Sec. 405; and 4 Wait's Prac. 555, 557.

In the present case the appellants have collected and appropriated to their own use funds in the custody of the law, while the jury have found, and the court, by overruling appellants' motion for a new trial, has also found, that the funds in the hands of the garnishees were not the property of the defendant in the attachment; from which it follows that the appellants could take nothing by their suit in attachment.    The court had jurisdiction over the appellants and also over the *res*, the funds in the hands of the garnishees, for the purpose of determining whether the title to the funds was or not in the defendant in the attachment, and we are of opinion that appellants, who were charged with knowledge of all the circumstances stated, acted wrongfully in interfering with the funds in the hands of the garnishees, and that their so doing was an abuse of the judgment of October 6, 1893.

In Juilliard v. May, 130 Ill. 87, the court say (p. 94):

" There is no legal inconsistency or incongruity that the court should render judgment against an attachment defendant, and order a sale of the property levied on by the writ, and, at a subsequent time or term, adjudge such property to belong to a person other than such defendant, and order its release.    Such other person would not be bound by the judgment against the defendant in attachment ordering such sale, and would stand in the attitude of a stranger to the record."

We are of opinion that the court may, at any time prior to the rendition of the proper judgment for appellee on the verdict of the jury, compel appellants to pay into court, subject to the further order of the court, the funds collected and received by appellants from the garnishees.    The court, however, can not require the funds to be paid to appellee for reasons heretofore stated.    If the funds shall be paid into court, on the order of the court, they will, when so paid, belong to the garnishees, and can not be ordered to be paid to appellee, or to any person other than the garnishees, except by consent of the garnishees.    When it appears that the money or property in the hands of a garnishee is not the money or property of the defendant in

the attachment, the proper judgment is that the garnishee be discharged, and that the interpleader recover his costs of and from the plaintiffs in the attachment.   In such case the garnishee should also receive his costs.

The judgment will be reversed and the cause remanded.