Bank of Montreal v. Clark.

108    163
e112   1337

## Bank of Montreal v. A. C. Clark et al.

1. GARNISHMENT—*Duty of Branch Bank When Served with Garnishee Process.*—It is the duty of a branch bank, when served with garnishee process, to make the fact known within the shortest time reasonably practicable to the main bank, and to its branches, where it is known that the depositor whose funds have been garnisheed has an account with the other branch.

2. BILLS AND NOTES—*When a Certificate of Deposit is Not Negotiable Paper.*—A certificate of deposit indorsed on its face, "Deposit receipt, not transferable," is not negotiable paper.

3. PRACTICE—*Where Bill of Exceptions and Common Law Record Differ.*—Where the bill of exceptions and the common law record differ the former is controlling.

4. BANK AND BANKING—*Commencement of Attachment Suit and Service upon Bank is Equivalent to Notice and Demand for Payment.*—The commencement of an attachment suit and service upon a bank is an equivalent of notice and demand for the payment of money deposited in the bank.

Attachment.—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed May 28, 1903.

**Statement.**—Appellees began, in the Superior Court, attachment, March 8, 1901, against James A. Morrison, on whom personal service was had at Chicago, between eleven and twelve o'clock in the forenoon of that day. The appellant bank was served as garnishee between 11:30 and twelve o'clock the same day, the service being had on Mr. O'Grady, the manager of the Chicago branch of appellant. Morrison pleaded the general issue, and interrogatories to the bank, as garnishee, were filed, which it answered, and a traverse to such answer was filed. The attachment was sustained and a judgment rendered against Morrison July 10, 1901, for $1,879.37. A trial as to the garnishee was, by agreement, had before the court without a jury, which resulted in a finding of the issues for the plaintiffs and against the garnishee, with damages at the sum of $1,879.37, and a judgment thereon against the garnishee and in favor of Morrison for plaintiffs' use, from which this appeal is taken.

JOHN S. GOODWIN and WALTER D. HAWK, attorneys for appellant; JOSEPH B. MANN and BLACK & BLACK, of counsel.

C. A. WILLIAMS and F. W. RAYMOND, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The principal question arising and argued by counsel is as to the liability of the appellant bank as garnishee of the principal defendant on account of the following certificate of deposit, to wit:

"$10,000.                                    No. 74,755.

BANK OF MONTREAL.

TORONTO, Jany. 9, 1901.

Received of James A. Morrison the sum of ten thousand dollars, which sum will be accounted for by this bank to the said James A. Morrison with interest, which will be at the rate of three per cent per annum, until further notice, provided the money remains not less than three months from date of deposit, fifteen days' notice to be given of its withdrawal, on which notice interest shall

cease.   This receipt is to be given up to the bank when payment of either interest or principal is required.

FOR THE BANK OF MONTREAL,<br>W. TURNER,<br>Pr. Manager.

Entd.   H. A. DEAN,
Asst. Acct."

Indorsed on face of certificate of deposit, viz:

" Deposit receipt, not transferable.  Payable at this branch."

This certificate was in the possession of Morrison, the payee, and owned by him at the time the bank was served with process of garnishment.   After he was served with process in the forenoon of March 8th, in Chicago, he went to Toronto, Canada, and on the following day, March 9th, not earlier than the hour of nine o'clock A. M., as the evidence tends to show, he delivered said certificate to appellant's branch bank in Toronto, surrendered the same and requested the bank to place the amount thereof to his general account, and at the same time informed said branch bank that he had, on that day, drawn his check upon it in favor of the Ontario Bank for $10,000, and that he placed said amount to his general account for the purpose of meeting that check.   Morrison did draw his check for the amount named and as stated, which the Toronto branch of appellant honored and paid on said March 9th, but at just what time the evidence does not show, though it tends to show it was not earlier than 9 A. M.   By the payment of this check Morrison's deposit with the Toronto branch of appellant was reduced to $20.

The appellant bank is a corporation organized under an act of parliament of the Dominion of Canada, with its principal bank located in the city of Montreal, Canada, and it has numerous branches set out in the record, among others, one in Toronto, Canada, and one in Chicago, Illinois. Appellant's branch bank at Chicago has no relation to its branch bank in Toronto.   When service of garnishment was had on Mr. O'Grady, the manager of the Chicago branch of appellant at Chicago, he made no effort to com-

municate the fact of such service to the appellant at the
city of Montreal, nor to its branch at Toronto, because, as
he says in his testimony in substance, that he did not know
that Morrison had any money in appellant's branch at
Toronto, nor that it was claimed that Morrison had any
money there. As to Mr. O'Grady's knowledge in this
regard there is a conflict in the evidence which tends to
show that at the time the garnishment writ was served he
was told by the officer serving it that Morrison had an
account at appellant's branch at Toronto. We think the
evidence justified the court in finding that Mr. O'Grady
had this knowledge. Between this time, namely, the serv-
ice of the garnishment writ and the payment of Morrison's
check, O'Grady could not have communicated with either
the appellant at Montreal or its branch at Toronto by the
customary mail service, though he could have done so by
telegraph. He failed to do either, and this fact, we think,
justifies the finding and judgment of the learned trial
judge against the garnishee. Earnest argument on this
point is indulged in by learned counsel for appellant, and
authorities cited, all of which have been considered. The
argument is not convincing and the authorities cited, in
our opinion, are not controlling. The better reason, as well
as the weight of authority, is to the effect, in substance,
that it was the duty of Mr. O'Grady, the manager of appel-
lant's Chicago branch bank, when served with process of
garnishment, to have made this fact known within the
shortest time reasonably practicable, to the appellant bank
at Montreal and to its branch at Toronto. Farrell v. Pear-
son, 26 Ill: 463–9; Spooner v. Rowland, 85 Mass. (4 Allen),
485; Bates v. Ry. Co., 60 Wis. 296–300, and cases cited.

As has been stated, the evidence justified the trial court
in finding that Mr. O'Grady knew that Morrison had an
account with appellant's Toronto branch, and having this
knowledge he did not use reasonable diligence to notify the
Toronto branch, as he might have done, of the service upon
him in the suit against Morrison. It is a matter of com-
mon knowledge, at the present day, that business between

Bank of Montreal v. Clark.

the cities of this country is largely conducted through means of the telegraph. By the exercise of ordinary and common business prudence, Mr. O'Grady, having knowledge, as for the purpose of this decision we must hold, that Morrison had an account with appellant's Toronto branch, he should have notified it by telegraph of the service of the garnishment summons. Had he done so, appellant would have been fully protected. The fact that appellant's branch banks have no control over each other is not, as we think, important. They are but agencies of appellant, and it should be held liable for the failure of Mr. O'Grady, the manager of the Chicago branch bank, to act with reasonable diligence for appellant's protection.

The case has been argued by counsel on behalf of both parties, upon the theory that the certificate of deposit to Morrison was negotiable paper, and it is contended for appellant that by reason thereof it could not be held liable as garnishee. We are of opinion that by the clear terms of the certificate, it being indorsed on its face, "Deposit receipt, not transferable," the certificate was not negotiable paper, and consequently the claim of appellant in this regard is untenable. Story on Notes. Sec. 128; 2 Daniels on Neg. Insts., Secs. 1703 and 1706; Union Nat. Bank v. Hines, 177 Ill. 417–24.

It is also said that the form of judgment is erroneous, and this is claimed as ground of reversal. The abstract of the bill of exceptions shows the judgment to be against the garnishee in favor of Morrison for the use of plaintiffs, which is in proper form. The bill of exceptions and the common law record differing in this regard, the former is controlling. Hirth v. Lynch, 96 Ill. 409.

In any event, upon the whole record, we can not conceive of any just ground of complaint that the judgment is directly against the garnishee as claimed.

Appellant also claims that inasmuch as the certificate of deposit was payable, by its terms, at the Toronto branch of appellant, and required fifteen days' notice to be given of its withdrawal, Morrison could not maintain suit with-

out giving this notice and making a demand upon the Toronto branch bank; that Morrison, by the terms of the certificate, could not recover his money from appellant without first making a demand and giving this notice, and plaintiffs could not, by their garnishment, get any greater rights than Morrison.

We are of opinion that the claim is untenable. The commencement of the attachment suit and service upon appellant was an equivalent of notice and demand for the payment of the money. Bartell v. Bauman, 12 Ill. App. 450-3; Ham v. Peery, 39 Ill. App. 341; Maloney v. Casey, 164 Mass. 124; Meadowcroft v. People, 163 Ill. 56-82.

In the Ham case, *supra*, which was one of liability on a certificate of deposit of a bank in which a similar contention was made, the court, among other things, say:

"The purpose of a demand by a depositor upon the banker is to give the latter an opportunity to pay and avoid a suit and costs thereof. Garnishees are not liable for costs, but for the amount in their hands belonging to the debtor in attachment, and the attaching creditor can make a demand that would be availing only by suing out the writ and causing it to be served on the garnishees, and from the time of service the money, then in their hands, belonging to the debtor in attachment, becomes subject to the legal claims of the attaching creditor against such debtor."

To a like effect in principle are the other cases cited.

Other points in counsel's argument have been fully considered by the court and need not be specially mentioned, as the views expressed are, in our opinion, decisive of the appeal.

The judgment of the Superior Court is affirmed.