THE PINE TREE LUMBER COMPANY, Appellee, *vs.* THE
CENTRAL STOCK AND GRAIN EXCHANGE, Appellant.

*Opinion filed February 19, 1909.*

1. GARNISHMENT—*a garnishee is not concerned with irregular-itics not fatal to judgment.* A garnishee is, theoretically, a disinterested person and is not concerned with irregularities which the defendant has waived or failed to take advantage of, and it is only such grave departures from the course of proceedings prescribed by statute as are fatal to the judgment that concern the garnishee, since he will not be protected by paying a void judgment.

2. SAME—*publication notice, in attachment, need not give the name of garnishee.* Section 22 of the Attachment act, providing for service by publication where an affidavit of non-residence of the defendant in the attachment proceeding has been filed, does not require that the notice published shall state the name of the person served as garnishee.

3. SAME—*judgment may be for amount stated in affidavit for attachment, with interest, if defendant defaults.* In an attachment case, where service on the debtor is had by publication and a default is taken against him, judgment may be rendered for the amount specified in the affidavit for the attachment, together with accrued interest.

4. APPEALS AND ERRORS—*when finding is presumed to have been warranted by the evidence.* In the absence of a bill of exceptions a finding by the trial court in its judgment that the defendant was duly notified of the pendency of the suit by publication and by mailing a copy of the notice pursuant to the statute will be presumed to have been warranted by the evidence, and such presumption will aid a defective certificate of publication or defective certificate of mailing.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JACOB KERN & JOHN A. BROWN, and O'BRYAN & MARSHALL, for appellant.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Pine Tree Lumber Company commenced an action of assumpsit in the circuit court of Cook county against A. E. Stichtenoth, laying its damages in the declaration at $3000. The declaration was upon three promissory notes and an open book account. On the same day the suit in assumpsit was commenced the plaintiff filed an affidavit for an attachment in aid of the suit at law, claiming the sum of $2804.89 as the amount due. The ground of the attachment was the non-residence of Stichtenoth. The Central Stock and Grain Exchange was served as a garnishee. Interrogatories were filed, to which the garnishee made answer. Service by publication was had upon Stichtenoth and a default duly entered against her. No further steps appear to have been taken in the case until 1905, when the Pine Tree Lumber Company filed a traverse to the answer of the garnishee. Afterwards, on July 7, 1905, the case was regularly called for trial and was tried by a jury. No one appeared at the trial either for the defendant in the assumpsit case or the garnishee. Before the trial was entered upon plaintiff amended the *ad damnum,* changing it from $3000 to $4000, to cover accrued interest. The jury assessed plaintiff's damage in the assumpsit case at $3586.39 and found the issues on the answer of the garnishee for the plaintiff, and found that at the time of the service of the garnishee summons on the Central Stock and Grain Exchange there was due and owing from the garnishee to the defendant the sum of $11,714.27. The court rendered judgment upon this verdict against the garnishee, in favor of the defendant, for the use of the plaintiff, for $3586.39. The garnishee sued out a writ of error from the Appellate Court for the First District, and that court affirmed the judgment of the circuit court. This is an appeal by the garnishee from the judgment of affirmance by the Appellate Court.

No bill of exceptions appears in the record. The trial in the circuit court was *ex parte*. There are therefore no exceptions to any of the rulings of the court below.

Proceedings of this character involve three parties: the plaintiff and defendant in the original suit, whose interests are necessarily antagonistic, and the garnishee, who is, theoretically at least, a disinterested stakeholder between the contestants, and who only becomes involved in the litigation as he may deny his indebtedness to the defendant or deny having any of the property of the defendant in his possession or make default in failing to answer to the notice. If the garnishee is not indebted to the defendant and has no property or effects of the defendant in his hands he is entitled to be discharged upon showing these facts, without costs. If he owes the defendant or has property or effects belonging to him in his hands, it is a matter of indifference to him whether he pays the money or delivers the property to the defendant or to the plaintiff in the case, provided he is properly protected in making such payment or delivery. It is not required of the garnishee that he should make a defense for the defendant, neither should he collude with the plaintiff for the purpose of giving plaintiff any advantage of the defendant. If a judgment is obtained against the defendant it is no concern of the garnishee that irregularities have intervened which the defendant may be willing to waive or fail or neglect to take advantage of. It is only those grave departures from the course of proceedings prescribed by the statute which are fatal to the judgment that concern the garnishee, since the payment under a void judgment will not protect the garnishee against the original liability. (2 Wade on Attachments, sec. 326.) The only question, therefore, to be determined upon this record is, did the circuit court have jurisdiction to render the judgment against Stichtenoth?

Appellant's first contention is, that the court did not have jurisdiction of the person of Stichtenoth by reason of

certain supposed defects in the service by publication. No objection is made to the affidavit of non-residence. The notice published, omitting the title of the cause and other formal matters which are not questioned, is as follows:

"Public notice is hereby given to the said A. E. Stichtenoth that a writ of attachment in aid of a suit of law heretofore commenced by summons and still pending, issued out of the office of the clerk of the circuit court of Cook county, dated the 28th day of December, A. D. 1899, at the suit of the said Pine Tree Lumber Company, a corporation, and against the lands, goods, chattels, rights, moneys, credits and effects of the said A. E. Stichtenoth, for the sum of twenty-eight hundred and four ($2804) dollars and eighty-nine (89) cents, directed to the sheriff of Cook county to execute, and which writ has been duly returned by said sheriff executed by levying on property described and more fully set forth in said return.

"Now, therefore, unless you, the said A. E. Stichtenoth, shall personally be and appear before the said circuit court of Cook county on or before the first day of the next February term thereof, to be holden at the court house in the city of Chicago on the third Monday of February, A. D. 1900, give special bail and plead to the said plaintiff's action, judgment will be entered against you and in favor of the said Pine Tree Lumber Company, and so much of the lands, goods, chattels, rights, moneys, credits and effects attached as may be sufficient to satisfy the said judgment and costs will be sold to satisfy the same.          John A. Cooke, *Clerk.*"

There is in the record a proper certificate of mailing the foregoing notice to A. E. Stichtenoth at Cincinnati, Ohio, within ten days after the first publication of the notice; also a certificate of the publisher of the *National Corporation Reporter,* showing that a true copy of this notice was published in the *National Corporation Reporter,* a secular newspaper of general circulation, published weekly in the city of Chicago, county of Cook and State of Illinois, for four weeks successively, giving the first and last dates of publication. The certification of publication is signed "Frederick A. Rowe, Secretary." The certificate was also attested by the corporate seal of the United States Corporation Bureau, the corporation which was the publisher of the *National Corporation Reporter.*

The first objection made to the notice is, that it does not contain any notice to the defendant that the Central Stock and Grain Exchange had been summoned as a garnishee. Section 22 of chapter 11, Hurd's Revised Statutes of 1905, provides for the service of a defendant in an attachment proceeding by publication when an affidavit has been filed stating that the defendant is not a resident of the State, or has departed from the State, or on due inquiry cannot be found, or is concealed within this State so that process can not be served upon him. The statute provides that upon the filing of a proper affidavit the clerk shall give notice by publication in some newspaper published in this State, "of such attachment, and at whose suit, against whose estate, for what sum, and before what court the same is pending, and that unless the defendant shall appear, give bail, and plead within the time limited for his appearance in such case, judgment will be entered, and the estate so attached will be sold." It will be observed that there is nothing in the statute requiring the notice to state the name or names of persons who have been or may thereafter be served as garnishee, and appellant has called our attention to no case, in this State or elsewhere, so holding. The service of a garnishee summons upon a debtor by the defendant, while not in all respects the same thing as levying an attachment writ upon the defendant's tangible property, is intended to accomplish the same purpose and possesses several points of similarity. The levy of an attachment writ is for the purpose of bringing the property attached under the jurisdiction of the court, so that in the end the plaintiff may have satisfaction of his debt out of the attached goods. The service of a garnishee is designed to secure satisfaction of the plaintiff's demand by bringing the garnishee before the court and ordering him to pay what he owes to the defendant, or enough thereof to satisfy the plaintiff's demand, to the plaintiff. There would seem to be as much reason for holding that the publication notice should describe the prop-

erty attached as there is for the contention that the names of the garnishees should be stated.    This court held in *Morris* v. *Trustees of Schools*, 15 Ill. 266, in construing a statute substantially like section 22 of our present Attachment act, that it was not necessary the notice should state "to what counties the writs of attachments issued or to give any description of the property attached," and this case has been re-affirmed on this point in *Lawver* v. *Langhans*, 85 Ill. 138. We are of the opinion that section 22 of our Attachment act, properly construed, does not require that the names of the garnishees should be stated in the notice.

It is next objected that the judgment was for $3586.39 while the amount stated in the notice was $2804.89.    The notice was published in January and February, 1900.    The judgment was not rendered until July, 1905.    The difference between the amount due at the time the suit was commenced and the amount for which the judgment was rendered is no doubt accounted for by the allowance of interest. Section 35 of our Attachment act limits the amount of the judgment where the defendant makes default, to the amount stated in the affidavit of plaintiff to have been due at the time of obtaining the attachment, "with interest, damages and costs."    In *Rowley* v. *Berrian*, 12 Ill. 198, this court held that it was proper in an attachment case, where service was had by publication, to render judgment for the amount specified in the affidavit, together with accrued interest, and this case has been followed by this court in *Empire Car Roofing Co.* v. *Macey*, 115 Ill. 390.    On page 394 this court said: "It is claimed that the court had no power to enter a judgment against the defendant in the attachment suit for a larger sum than was shown to be due by the affidavit filed for the attachment.    The judgment was for the amount stated in the affidavit, with accruing interest.    In attachment cases, where there is no appearance by the defendant, the court may, upon satisfactory proof, enter a judgment

for the plaintiff for the amount claimed in the affidavit, and accruing interest. *Rowley* v. *Berrian,* 12 Ill. 198, is in point on this question." But even if the judgment had been entered for too large an amount this would be an irregularity, merely, which would not injure the garnishee, since the judgment was several thousand dollars less than the amount the garnishee owed the defendant.

It is next objected that the certificate of publication is insufficient to show a proper publication, since there is nothing to show that Rowe, who made the certificate as secretary, was such officer or is otherwise authorized to make the certificate. Without reference to the sufficiency of the certificate of publication, the court recites in its judgment against Stichtenoth that it appeared "to the court that the defendant had been duly notified of the pendency of this suit by publication and by mailing a copy of the same to her, pursuant to the statute in such case made and provided," etc. In the absence of a bill of exceptions showing what evidence the court had before it, the presumption obtains in support of the finding that the evidence warranted the finding of the court. Such presumption will aid a defective certificate of publication, or defective certificate of mailing, where there is a finding that there has been due notice given, as required by the statute. *Hannas* v. *Hannas,* 110 Ill. 53.

Other objections urged by the appellant for a reversal do not go to the question of the jurisdiction of the court, hence it is not necessary to discuss them.

There being no error in the judgment of the Appellate Court, the same is accordingly affirmed.

*Judgment affirmed.*