# Conboy *v.* Fricke.

### *Garnishment on Judgment ; Contest with Claimant.*

*Conflicting liens of mechanic, under local law of Mobile, and plaintiff in attachment.* — The lien given to a sub-contractor by the local law approved December 9, 1841, " For the better securing mechanics in the city and county of Mobile " (Session Acts 1841–2, p. 3), attaches on the delivery of an attested account, and intercepts money then due to the chief contractor, or subsequently accruing under the contract ; but, if a garnishment is served on the debtor before the delivery of such attested account, its lien is superior to that of the sub-contractor, as to the money due at the time of its service.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JOHN ELLIOTT.

The appellant in this case, having a judgment against A. M. Purdy, sued out a garnishment against Robert Anderson as his debtor, which was served on the 15th June, 1871. The garnishee answered, admitting an indebtedness to said Purdy, under a contract for the building of a house not then completed, of about $200. The garnishee having died after filing his answer, his administratrix was brought in by *scire facias*, and filed a similar answer ; but she afterwards amended her answer, by leave of the court, and alleged that Charles Fricke claimed the debt due from her intestate to said Purdy. Fricke being brought in, propounded his interest ; and an issue was thereupon made up between him and the plaintiff. Under the evi-

[Conboy v. Fricke.]

dence adduced on the trial of this issue, the court instructed the jury, that claimant's lien on the money, which had been paid into court, was superior to that of the plaintiff; and he had a verdict and judgment accordingly. The charge of the court to the jury, to which the plaintiff excepted, and the judgment, are now assigned as error.

BOYLES & OVERALL, for appellant.

C. W. RAPIER, contra.

B. F. SAFFOLD, J. — To a writ of garnishment, sued out by the appellant to obtain satisfaction of a judgment recovered by him against Purdy, the garnishee answered an indebtedness of $200, which, she said, was claimed by Charles Fricke. Fricke propounded his claim, as follows. He was a sub-contractor under Purdy, for the building of a house for Robert Anderson. Purdy was indebted to him, on account of this work, about $175; and on the 27th of June, 1871, he presented to Anderson an account for the same, duly attested, whereby he acquired a lien on whatever amount was due from Anderson to Purdy, under the provisions of an act of the legislature, "For the better securing mechanics in the city and county of Mobile," approved Dec. 9, 1841. Acts 1841-2, p. 3. The garnishment was served on Anderson June 15, 1871. The act referred to provides, that whenever such sub-contractor, &c., has performed work, or furnished materials, for which he has not been paid, he "may deliver to the owner of such building an attested account of the amount and value of the work and labor thus performed, or materials furnished, and the amount unpaid thereupon; such owner shall retain, out of his subsequent payments to the contractor, the amount of such work and labor or materials, for the benefit of the person so performing the same."

No portion of this act authorizes any delay in the payment to the contractor, of whatever amount may be due to him, or requires the owner of the building to ascertain his indebtedness to his sub-contractors or laborers, in advance of the presentation to him of their attested account. When such account is presented, he must then retain the amount out of his *subsequent payments to the contractor*. If, when Fricke's account was presented on the 27th of June, Anderson had already paid Purdy, or accepted his order to pay some one else, Fricke would have been without remedy. The garnishment executed on the 15th of June served as an order to Anderson to pay the amount due to the plaintiff, for, or on account of Purdy. We think the act, in express terms, confines the claim of the sub-

[Barbour County v. Clark.]

contractor, &c., to the compensation due at the time of the presentation of the attested account, unless some other right has then intervened, and to such as may subsequently accrue. The garnishment will not reach the compensation earned after the account is presented, because the act makes a change in the contract, whereby such earnings accrue to the person holding it, against the chief contractor and those claiming through him solely.

The judgment is reversed, and the cause remanded.