# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1874.

GEORGE LAIDLOU *et al.*

*v.*

FRANK HATCH *et al.*

1. CONTRACT — *whether an arrangement amounts to one.* Where A, who had contracted in writing to grade, &c., a certain portion of a railway company's road, sublet a part of his work to B, and they two went to the treasurer of the company, and at A's request the treasurer agreed to pay B for his work, instead of paying to A, but the latter was not released from his contract, and B assumed no liability to the company to perform his part of the work: *Held,* that this could not be construed to be a contract to pay B by the company, there being no consideration for one, but it was a mere request by A as to whom his money should be paid, which was assented to.

2. STATUTE OF FRAUDS — *promise to answer for another's debt.* The promise of a railway company to pay out of what it may become indebted to a contractor for work on its road, the sum that such contractor may owe a sub-contractor for work done, is clearly within the statute of frauds, and will be void, if not in writing.

APPEAL from the Circuit Court of Kankakee county ; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

This was a garnishee proceeding, by Frank Hatch, E. C. Holmes and William Cleghorn, against the Kankakee & Indiana Railroad Company, to recover of the company money owing by it to M. C. Ott, a contractor of the company.   George Laidlou and Humphrey Barber, partners, intervened and claimed the money owing Ott by the company as belonging to them, under the arrangement stated in the opinion of the court.   The court found against them and in favor of the garnisheeing creditors, and Laidlou & Co. appealed.

Mr. JAMES N. ORR, for the appellants.

Mr. W. H. RICHARDSON, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

It appears from the record that one M. C. Ott contracted with the Kankakee and Indiana Railroad Company to grade a portion of their roadway.   This contract was in writing.   Afterwards, Ott entered into a written contract with appellants, by which they agreed to perform the greater part of his contract for a stipulated price.   Under his agreement with the company, Ott commenced the performance of the part of the grading which he had not underlet to appellants, and they commenced labor under their agreement with Ott.

It likewise appears that appellees afterwards recovered a judgment against Ott for $377.62, on which an execution was issued to the sheriff of Kankakee county to execute.   He returned the execution no property found.   Thereupon appellees sued out a garnishee summons against the railroad company as the debtors of Ott.   The garnishees answered, and a trial was had before the court without a jury, when the court found the issues for the appellees and rendered judgment in their favor, from which appellants prosecute this appeal.

It appears, from the answers and the testimony in the case, that after Ott and appellants entered into their contract and the latter had commenced work, there was a verbal agreement entered into between Ott, appellants and the treasurer of the railroad company, which was that he should pay to appellants the money coming to them under their contract with Ott when the work was completed and the final estimate was made. The treasurer of the railroad company says the parties came to him after Ott had stated that appellants would quit work unless he would guarantee the payment, and Ott said to him that he should pay Laidlou & Co., instead of making payment to him, and that he so agreed, but that Laidlou said nothing. Under this, Laidlou & Co. claim the money, and the railroad company claim they owe appellants, and not Ott, for the labor done by them.

On the other hand, it is claimed that the conversation referred to did not constitute a contract, because it was not in writing, was without consideration, and indefinite and uncertain. Whatever the parties may have intended, there was no pretense that the contract between appellants and Ott was surrendered up or canceled. It was not even referred to by either party. There is no evidence that any new consideration was paid by appellants to the treasurer of the railroad company, or that appellants agreed to release Ott on his contract. Nor is it pretended that Swannell, the treasurer, guaranteed, or even proposed to guarantee the payment of this money to appellant.

There is no evidence in the record that the railway company released Ott from his contract with them for the completion of the work. Nor is there any evidence that the treasurer, even if he had the power, made any contract by which appellants were to perform the work, nor did they even talk about what appellants were to do under the old or new agreement. All that it amounted to was simply a request by Ott to the treasurer that he pay the money due under his contract to appellants, to which he assented. We perceive none of the elements of a contract that appellants would perform the labor for the railroad com-

pany and be liable to them for its non-performance. Had appellants failed to go on and perform the labor, does any one suppose the railroad company could have sued and recovered from them damages for a breach of the contract claimed to have been made? We suppose not.

There can be no pretense that the railroad company guaranteed the performance of the contract by Ott. There is·no evidence of such a guaranty or any thing that resembles one. There was no language used from which such a contract can be implied. But all that can be said is that Ott requested the treasurer to pay a debt he owed or would owe to appellants, to which he assented. This is clearly within the statute of frauds, and not being in writing the railroad company are not liable. Had the directors, by resolution spread on their records, assumed the payment, then a very different question would have been presented. We think the record shows that the money in the hands of the railroad was liable to the garnishee process, and the judgment of the court below must be affirmed.

*Judgment affirmed.*