S. R. Green, for use of C. Brennan et al., Appellants, v. L. W. Johnson, Garnishee, et al., Appellees.

1. GARNISHMENT—*when answer cannot be objected to.* The fact that an answer in garnishment does not disclose the amount due the debtor at the time of its filing, cannot be first raised by objection upon appeal.

2. GARNISHMENT—*when payments by garnishee voluntary.* The fact that money due at the time of service may become subject to a lien claim, does not authorize its disbursement prior to proceedings being instituted to procure such lien.

3. STATUTE OF FRAUDS—*how and by whom defense availed of.* The Statute of Frauds to be availed of must be pleaded and it can only be invoked by parties to the contract and not by strangers to it.

Garnishment. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed August 5, 1909.

DWYER & DWYER, for appellants.

WEST, ECKHART & TAYLOR, LINDLEY, PENWELL & LINDLEY and KEEGAN & COSGROVE, for appellees.

*Per Curiam*: C. Brennan and William Brennan brought suit in garnishment in the name of S. R. Green for their use in the Circuit Court of Vermilion county against L. W. Johnson, to recover from Johnson the amount alleged by them to be due from Johnson to Green upon a contract to furnish and haul gravel for use upon a public street in the city of Danville. E. J. Kelly interpleaded and upon trial there was a judgment in favor of Kelly and against Johnson in the sum of $99.20, and a judgment in favor of Brennan & Brennan against Johnson in the sum of $7.90, from which judgment Brennan & Brennan have appealed.

At the October term, 1906, of the Circuit Court of Vermilion county, C. Brennan and William Brennan, as partners, recovered a judgment against S. R. Green for the sum of $215.49. Execution thereon having been returned *"nulla bona"* garnishment process was sued out in the present proceeding against L. W. Johnson and served on August 2, 1907.

Upon trial it developed that Johnson had a contract with the city of Danville to gravel English street in that city and that he entered into a written contract with Green to deliver and furnish gravel upon said street from E. J. Kelly's pit at 75 cents per load and that to enable Green to get the gravel from Kelly, Johnson, with Green's consent and approval, agreed verbally to become responsible to Kelly for the gravel, which Green was to haul, at the rate of 22½ cents per yard; that at the time of the service of the garnishment writ, Johnson then had in his hands the sum of $355.26 due Green upon his contract, but that he, Johnson, after that time paid for labor that had been employed and used prior to August 2, in the hauling of said gravel, a large sum, which he insists had to be paid to prevent liens against the fund due from said city to Johnson; also that Johnson had to pay Kelly for the gravel bought from him under Johnson's guaranty. Johnson claimed that these sums so paid

by him to Kelly and for the labor employed in hauling such gravel, should be credited to him upon the said sum so due Green and he be held responsible for the balance only. The trial court allowed such claims or off-set to Johnson and rendered judgment for the balance over and above such amounts so paid.

Appellants insist that Johnson had no authority to make payments upon the accounts mentioned, after the service of the garnishment writ, and that such payments in no way relieved him from liability to appellants under their garnishment. The answer of Johnson only purported to disclose the amount due Green at the time of service of garnishee summons. That was all the interrogatories asked for. No objection was made in the trial court that it did not disclose the amount due at the time of filing the answer. Objection cannot be made for the first time in this court.

The amended answer of garnishee admits owing Green $159.26, and shows a payment for him after service of summons of $296 for labor, thus showing a total of $355.26 due Green when the summons was served. It also sets forth that Green was then indebted to Kelly in the sum of $277.36 for gravel, and that Johnson had guaranteed the payment of this sum before Kelly furnished Green with the gravel, and this item, with the $296 paid for labor, exceeded the indebtedness to Green, and Johnson asked to be discharged.

The answer was traversed, and the evidence in the record shows that no lien existed against the $296 paid for labor, but that payment was made by Johnson in anticipation of a lien under section 23 of Liens Act.

The right to a lien is purely statutory and could be invoked only by complying with the provisions of the statute. No notice was given, as required by statute, in order to establish or claim a lien. Johnson claims that had he not paid this item, he could not have protected himself. He could have withheld payment and answered the garnishment, setting up the facts, and

had the hearing continued until all rights in regard to a lien had been determined. The payment of this sum by him was purely voluntary on his part and such payment cannot avail him in this proceeding.

The record further discloses that Johnson owed Kelly but $99.20, instead of $277.30 on his guarantee. Kelly, on his interpleader, was entitled to recover $99.20, for which judgment was rendered in his favor. There was then left in Johnson's hands owing to Green $256.-06. Appellants were entitled to a judgment against Johnson, as garnishee, in favor of Green for their use, for the fund in Johnson's hands not exceeding the amount of their judgment against Green.

It is contended by appellants that the promise of defendant Johnson to Kelly by which Johnson, with Green's consent, guaranteed to Kelly the payment of $22\frac{1}{2}$ cents per yard for the gravel sold to Green, was void under the statute of frauds, because it was not in writing. The statute of frauds was not pleaded.

The statute of frauds can only be invoked by persons who are parties to the contract, not by strangers to it. In the present case the contract attacked was between Johnson and Kelly, and as neither one of them made the objection suggested, it is without force. In the case of Laidlou v. Hatch, 75 Ill. 11, relied upon by appellant, the defense that the promise was within the statute of frauds was interposed by a party to the contract, against whom a recovery was sought.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*