C. A. Mueller for use of The Ahrens & Ott Manufacturing Company, Appellant, v. Joseph W. Kroll et al., Appellees.

### Gen. No. 23,090.

1. MECHANICS' LIENS, § 67*—*when notice of lien insufficient.* A notice of a mechanic's lien by a materialman for material furnished a subcontractor, *held* insufficient on the ground that it was impossible to tell from the language thereof against whom it was directed and with whom the contract was made.

2. GARNISHMENT, § 126*—*when lien of has priority over mechanic's lien.* A garnishee writ served on a building contractor prior to a mechanic's lien notice works an appropriation of so much of the amount due the judgment debtor as equals the amount

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the judgment and costs, and consequently the mechanic's lien holder is not entitled to any part of the fund garnished, where the amount owed by the garnishee is insufficient to satisfy the garnisher's claim.

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded with directions. Opinion filed October 2, 1917.

ROBERT W. DUNN, for appellant.

REUEL H. GRUNDEWALD, for appellee V. A. Smith Company.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is a contest between a garnisher and the intervening petitioner claiming a right to the money in the hands of the garnishee in virtue of a mechanic's lien claim.

The facts are not in dispute, and the rights of all the parties are by their agreement to be concluded in this proceeding.

In brief the facts are that The Ahrens & Ott Manufacturing Company recovered a judgment against C. A. Mueller for $491.79. This garnishee suit was commenced on that judgment and Edward H. Olson and Christ Serum were served as garnishees, the latter answering that he was indebted to Mueller in the sum of $276.25.

From the statement of facts it appears that Edward H. Olson was the owner of real estate numbered 5142 West Chicago avenue; that he let the general contract for the construction of a building thereon to Christ Serum, the garnishee; that Serum in turn let the contract for plumbing work to Mueller, defendant debtor; that Mueller purchased the boiler, radiator and valves from V. A. Smith Company, the intervener, and that

the Smith Company delivered the same at the premises of Olson and that they were used in the construction of the building; that the last delivery was made by the Smith Company July 5, 1913; that on July 10, 1913, Olson was served with garnishee summons, and on July 13, 1916, Christ Serum was served with garnishee summons in this case; that on August 19, 1916, a notice purporting to be a subcontractor's lien notice was served on Olson by the Smith Company; that Serum was at the time of the service of the garnishee summons on him and at the time of the service of the lien notice of the Smith Company on Olson, and still is, indebted to Mueller in the sum of $276.25; that The Ahrens & Ott Manufacturing Company claims all of the amount in the hands of the garnishee, and the Smith Company claims $214.37 of that amount by virtue of its claim for a mechanic's lien; and that it filed an intervening petition in this suit claiming that sum. On a trial before the court there was a finding in favor of the Smith Company for $214.37 which it claimed, and the balance of $61.88 was awarded to The Ahrens & Ott Manufacturing Company and appropriate judgments on said findings entered against the garnishee. The garnisher prosecutes this appeal, contending that it is entitled to the $276.25, the amount in the hands of the garnishee.

The mechanic's lien notice is in evidence and it is challenged as being informal and not fulfilling statutory requirements. The notice is, we think, fatally defective in that it is impossible to tell from the language in which it is couched against whom it is directed and with whom the contract averred was made. Aside from the validity of the mechanic's lien notice, and waiving its apparent insufficiency, the garnishee writ, having been served anterior to the service of the mechanic's lien notice, worked an appropriation of so much of the amount due the judgment debtor as equals the amount of the judgment with costs; and

the lien claimed by the intervener, of which notice was not served upon the defendant until after the service of the garnishee process, defeats the lien to the extent of the money in the hands of the garnishee necessary to pay the amount due the garnisher on its judgment against Mueller. As said in *Nesbitt v. Dickover*, 22 Ill. App. 140:

"We think the service of the garnishee process worked an appropriation from that time, of so much of the claim of the judgment debtor against the appellants as the judgment, interest and costs amounted to. From that time the garnishees could not voluntarily free themselves from the payment of the claim of the garnisheeing creditor, and the notice was only a legal demand from the day of its service, and compelled the appellants to respond to them for all the money in their hands, owing to appellee, not already appropriated by them, or which they had not become bound to pay in some other manner. From and after the date of the service of this garnishee process the appellee was not, in a legal sense, indebted to the appellants for the sum covered by this judgment."

At the time of the service of the mechanic's lien notice, the garnishee was not indebted to Mueller, as the service of the writ had worked an appropriation of that amount for the use of the garnisher, and therefore the interpleader was not entitled to any part of the fund garnished. *Conboy v. Fricke*, 50 Ala. 414; *Dorestan v. Krieg*, 66 Wis. 604.

The judgment of the Municipal Court is reversed and the cause remanded with directions to that court to enter a judgment in favor of C. A. Mueller for the use of The Ahrens & Ott Manufacturing Company and against the garnishee, Christ Serum, for $226.25.

*Reversed and remanded with directions.*