Eleanor B. Nelson (Complainant), Appellee, v. Herman Urban, trading as "Manor Maintenance Company," et al., Defendants. On appeal of Standard Sanitary Manufacturing Company (Defendant), Appellant.

## Gen. No. 29,538.

1. INTERPLEADER—*right of owner to maintain bill to determine rights in funds due on construction contract.* The owner of premises may maintain a bill in the nature of a bill of interpleader to determine to whom shall be paid money due for construction work on the premises as between the contractor, mechanic's lien claimants, and a creditor of the contractor who has brought a garnishment suit against such owner.

2. MECHANICS' LIENS—*superiority to lien of garnishor.* A mechanics' lien on premises for material furnished to the contractor is superior to the lien acquired by a garnishor.

3. MECHANICS' LIENS—*sufficiency of description of premises in notice of lien.* A description of premises in the notice of a mechanics' lien was sufficient where it gave a correct description of the lot, block, subdivision, section, township, range and meridian but did not state that the property was located in the County of Cook or State of Illinois.

4. APPEAL AND ERROR—*waiver of insufficiency of evidence.* Where the original bill in the nature of interpleader to determine conflicting rights in a fund due for constructing a building did not

waive answer under oath and the answer was not under oath so that it might have been considered as a nullity had objection been made in apt time, the question of the sufficiency of the evidence is waived when the question was not preserved by motion and a replication was filed.

Appeal by defendant from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Affirmed. Opinion filed April 13, 1925.

SAMUEL J. MORAN, for appellant.

BENSON, FITCH & HEINEMANN, for appellee Eleanor B. Nelson.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The Standard Sanitary Manufacturing Company prayed separate appeals from two orders entered in the same cause. These appeals have been consolidated for hearing in this court, although the subject-matter of the respective orders are quite distinct. There is little controversy as to the material facts.

The complainant below, Eleanor B. Nelson, filed a bill which (erroneously, as we think) is designated as a bill of interpleader. She alleged facts therein which are undisputed, to the effect that she was and had been the owner of certain real estate; that on November 27, 1922, she authorized her husband, Nathan Nelson, to erect a building thereon; that on December 1, 1922, he entered into a contract with one Herman Urban, doing business as the "Manor Maintenance Company," by which Urban agreed to install certain plumbing in this building for the sum of $925; that Urban began work on the installation of the plumbing on that day and employed one Petry to do the labor; also that Urban ordered material and supplies from the Miller Plumbing and Heating Supply Com-

pany and that this company furnished the same and
had not been paid therefor; that Petry served notice
of lien on March 20, 1923, claiming $154 due to him;
that the Miller Company also claimed a lien upon the
premises and any money due to Urban; that on March
10, 1923, the Miller Company served a notice of lien
on Nathan Nelson and others, claiming $300 due for
material; and on March 22 the same company served
a notice of lien upon complainant for the same amount.

It was also alleged that on January 31, 1923, the
Standard Sanitary Manufacturing Company caused
a garnishee summons to be issued out of the munic-
ipal court of Chicago, based upon a judgment which
it had recovered against Herman Urban, summoning
the complainant as garnishee; that she appeared in
said municipal court and testified as to the making
of the Urban contract, saying the price was $925,
but she did not know, as she had been served with
lien notices, what, if anything, she owed to Urban;
that the Miller Company filed in the garnishment
proceeding an intervening petition, stating that it
was entitled to a mechanic's lien on the property,
and asserted that the municipal court was without
jurisdiction to determine its rights.

The complainant averred that she was indebted to
some one for $925 for the plumbing, but could not
with safety to herself decide to whom it should be
paid. She also averred that she was an indifferent
holder of the money and willing to pay it to the
person or persons legally entitled thereto, as the
court might determine, if such payment could be made
with safety, so as to discharge her property of claims
for liens; she offered to bring the money into court,
and alleged that she did not collude and was not in-
demnified; that she desired to avoid vexatious liti-
gation.

The complainant made defendants to her bill Her-
man Urban, Petry, Miller Plumbing and Heating

Supply Company, and Standard Sanitary Manufacturing Company, prayed an answer and that they might interplead and adjust their demands between themselves; that she might bring the money into court, which she offered to do for the benefit of the parties who might be entitled thereto, subject to a decree discharging her premises of all liens; and further, that the Standard Sanitary Manufacturing Company might be restrained from prosecuting its action at law, and all defendants from commencing any action for the recovery of the money, and for other relief.

A demurrer to this bill was filed by the Standard Sanitary Manufacturing Company, which was overruled, whereupon it answered the bill.

Thereafter the complainant filed a supplemental bill alleging that the Miller Company had filed its bill in the same court to foreclose its alleged mechanic's lien, and asking that it be enjoined. To the original bill were attached the several notices claiming liens which had been served upon the complainant.

The Miller Company filed an answer in the nature of an intervening petition, in which, after admitting the facts as averred in complainant's bill, it prayed that its lien might be foreclosed. The Standard Sanitary Manufacturing Company answered the bill and supplemental bill, neither admitting nor denying averments as to the rights of the lien claimants, but claiming the whole of the funds in the hands of the complainant, asserting that the garnishment summons was duly served upon complainant personally on February 2, 1923, prior to the service of the notices of the mechanic's lien claimants, further setting up its suit against Herman Urban, the recovery of judgment, issuance and return of the writ of execution, the service of garnishee summons personally on Nathan R. Nelson on January 11, 1923, the same being returnable January 19, 1923, at which time a post-

ponement was granted to February 9, 1923; that in the meantime another garnishment summons issued against the complainant, and that she was duly served personally on February 2, 1923, to appear and answer on February 9, 1923; that the hearing was postponed until February 28, 1923, and again by agreement of counsel until March 21, 1923; that on that date Nathan R. Nelson appeared and answered that under his contract with Urban there was $915 due, and it then appearing that the Miller Company claimed some interest that company was given leave to file its intervening petition and further hearing postponed to April 10, 1923, on which date the complainant answered that there was due under said contract with Urban the sum of $915; that the Miller Company refused to offer any evidence in support of its petition, although present by counsel; that further hearing was set for April 14, 1923, at which time the liability of the respective parties was argued, and counsel for complainant and her husband then stated he was about to file a suit in equity and desired the court to direct the Standard Sanitary Manufacturing Company to enter its appearance in such equity suit, and that the municipal court directed defendants to so do; that said garnishment suits in said municipal court were continued generally, to be taken up on five days' notice, and were still pending.

The answer further sets up facts tending to show that the complainant manifested a direct and substantial interest in the subject-matter of the suit and was not neutral as between the parties.

The answer denied privity of contract between the Standard Sanitary Manufacturing Company and its codefendants, and alleged that by reason of the service of the garnishment summons upon complainant and her husband before the service of any valid notice of claims for mechanic's liens upon her and her husband, all funds due to said Urban to the extent

of defendant's judgment were appropriated for the benefit of the defendant and ought in equity to be paid over to it, and that such payment would be a bar to the mechanic's lien claims.

The answer also asked that should the court require it to proceed to interplead with its codefendants, it might not lose or be deprived of its benefit and advantage gained by the priority of service of the garnishment summonses and the appropriation of the sums in the garnishment proceeding.

The defaults of Urban and Petry for failure to plead to the bill and supplemental bill were entered, and the bill taken as confessed against them. The cause was put at issue, and upon a finding of facts substantially as alleged, the court entered an order that upon payment by the complainant to the clerk of the court of $925, she should be discharged from further liability of any kind or nature on account of the Urban contract; that her real estate should be released and discharged from all claims for mechanics' liens on account thereof; and further that she, having then paid the clerk of the court $925 as ordered, it was adjudged and decreed that she be discharged from any further liability on account of any contract made with Herman Urban for plumbing work upon said premises; and that the real estate should be released and discharged from all claims for mechanic's lien on account of the same; that the Standard Sanitary Manufacturing Company should be enjoined from further prosecution of garnishment proceedings and the Miller Company from prosecuting its suit to foreclose. From this order the first appeal was prayed.

As between the Miller Company and the Standard Sanitary Manufacturing Company, the court, after hearing evidence which has been preserved in the record, found that under its contract with Urban made on December 15, 1922, and upon various dates

up to February 22, 1923, that company had delivered to the premises supplies to the amount of $791.74; that on March 24, 1923, the Miller Company had served on Eleanor B. Nelson a subcontractor's mechanic's lien notice.

The order also recites the proceeding under the garnishment writ as hereinbefore set forth, and finds that upon the date of the service of that writ no money was due and owing Herman Urban, and that she, complainant, did not become indebted to him until subsequent to February 22, 1923; that the Miller Company had a valid lien which had been discharged by the order theretofore entered; that said lien attached to the moneys deposited with the clerk, and that the lien of the Standard Sanitary Manufacturing Company was subject and inferior to the lien of the Miller Company. It was therefore decreed that the clerk should pay out of said funds to the Miller Company $791.74, and to the Standard Sanitary Manufacturing Company $133.26.

It is contended by the appellant-defendant that the bill of interpleader was improperly filed and that the superior court should have declined jurisdiction of the cause; several respects are pointed out in which it is claimed that the bill could not be maintained as a bill of interpleader. Considered as a strict bill of interpleader either at common law or in equity, we would probably be compelled to so hold. (See *Platte Valley State Bank v. National Live Stock Bank,* 155 Ill. 257; *Rauch v. Ft. Dearborn Nat. Bank,* 223 Ill. 507; *Richardson v. Belt,* 13 App. Cas. (D. C.) 200; *Ammendale Normal Institute v. Anderson,* 71 Md. 128; Maclennan on Interpleader, pp. 38, 83, 122, 123, 143, 148, 149, 155.) But while such may be conceded to be the law, it by no means follows that the complainant would be without relief from the situation set up in her bill. Complainant's bill may be properly designated as a bill in the nature of a bill

of interpleader. That under such a bill relief of this kind may be given is held in well-considered decisions of the courts of this and other States. *Newhall v. Kastens,* 70 Ill. 156; *Illingworth v. Rowe,* 52 N. J. Eq. 360; 2 Story, Equity Juris., p. 504, secs. 1116-1118.

Moreover, by section 30 of the Mechanics' Liens Act (see Smith-Hurd Ill. Rev. St. 1923, ch. 82, sec. 30 [Cahill's St. ch. 82, ¶ 30]) provision is made by which an owner may have similar relief against parties claiming liens against his premises. That section has been construed and applied in *Hacken v. Isenberg,* 288 Ill. 589. We have no doubt that in a proceeding brought under that section (while garnishors are not specifically mentioned), they may upon proper averments be made defendants, and that equity, having obtained jurisdiction, will, on familiar principles, see to it that complete justice is done to all the parties.

In Maclennan on Interpleader, discussing an "action in the nature of a bill of interpleader," the author says, page 339: "In this proceeding the plaintiff may have a personal interest in the subject-matter, and so may deny that he owes the defendants what they severally claim. He may also ask for some active affirmative relief as against the claimants, in addition to discharge from liability to them, as when he desires to establish his own rights where there are other conflicting rights between the third parties." The author points out that such a bill need not deny collusion, that the money need not be actually paid into court, and in particular he asserts (p. 341): "The owner of newly erected buildings may also maintain such a proceeding when a balance payable under the building contract is claimed by several, as by the contractor, sub-contractor, lien holders, or attaching creditors. In some instances this has been considered a case for interpleader proper."

The defendant-appellant argues that the court of

law had complete jurisdiction in the garnishment proceedings and could do complete justice between all the parties. This is obviously not true, for the reason that the order entered by that court could not release complainant's land from the mechanics' liens, which would remain an apparent cloud on her title. We think that on the undisputed facts as the same appear here, a court of chancery was the only court having jurisdiction which could completely settle the conflicting claims of the parties, and that it was therefore properly apealed to for that purpose.

The defendant-appellant, however, further contends that the service of the garnishment summons amounted to an appropriation of the debt; that there was therefore nothing whatever due to the lien claimants, the effect of the service of the writ being to appropriate so much of the amount due the judgment debtor as would equal the amount of the judgment with costs and interest. *Mueller v. Kroll,* 207 Ill. App. 306, is relied on as establishing this contention, but a careful examination of the case discloses that the rule as there announced was based upon *Nesbitt v. Dickover,* 22 Ill. App. 140, a case decided before the present Mechanics' Lien Act was enacted; and from a reading of the opinion it is evident that this controlling fact was not called to the attention of the court.

Section 1 of the present Mechanics' Liens statute (Smith-Hurd Ill. Rev. St. 1923, ch. 82, p. 1282) defines a contractor and provides that he shall have a lien. Section 7 thereof provides that a contractor shall not be allowed to enforce such lien against or to the prejudice of any other creditor, etc., unless within four months after completion of the work or final delivery of material he shall either bring suit to enforce his lien or file with the clerk of the circuit court a claim for lien. [Cahill's St. ch. 82, ¶¶ 1, 7.]

Section 21 [Cahill's St. ch. 82, ¶ 21] defines a subcontractor and provides that upon complying with the requirements of the statute he shall "have a lien * * * with interest on such amount from the date the same is due, *from the same time,* on the same property as provided for the contractor." Section 1 expressly provides that the lien of the contractor shall attach *as of the date of the* contract.

Section 21 also provides that the lien of the subcontractor shall exist "as against the creditors and assignees and personal and legal representatives of the contractor." Moreover, the lien given by the Mechanics' Liens Act is not alone against the building erected, but has been held to extend to moneys to which the contractor has become entitled. *North Side Sash & Door Co. v. Goldstein,* 286 Ill. 209.

The contract on which the mechanic's lien was based antedated the service of the garnishment writ. If the lien in fact existed, it was therefore superior to the lien acquired by the garnishor.

The defendant-appellant has contended that the description of the premises contained in the notice of lien served by the Miller Company was insufficient. It gave the correct description of the lot, the block, the subdivision, the section, township, range and meridian; but it did not specifically state that the property was located in the County of Cook or State of Illinois. It is evident, however, that the description was such as to make possible the identification of the premises, and this was sufficient, under well-considered cases. *Rockwell v. O'Brien-Green Co.,* 62 Ill. App. 293; *White v. Hermann,* 51 Ill. 243; *Springer v. Kroeschell,* 161 Ill. 368.

The sufficiency of the evidence is questioned on the theory that since the original bill did not waive answer under oath and the answer was not under oath, the same should be taken as a nullity. It would have been so considered had the question been preserved by an apt motion, but it was not, and a replication

was filed and the point thus waived. *Neal v. Odle,* 308 Ill. 469.

Moreover, upon taking the evidence on the matter of distribution, the counsel stipulated that all evidence theretofore offered and received in the cause should stand as like evidence in support of their respective claims and answers, subject to the same objections, etc. Without discussing the matter in detail, we think the evidence abundantly supports the Miller Company claim, and its right to a lien.

Substantial justice has been done and both orders appealed from are affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.