Frederick K. Hamilton and Max Kushin for the Use of Edward Steinborn, Appellant, v. Thayers Eating Houses, Inc., Appellee.

Gen. No. 35,515.

Opinion filed December 28, 1931.

LAPKOFF & WEINSTEIN, for appellant; J. KENTNER ELLIOTT, of counsel.

JOSEPH F. GROSSMAN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Steinborn, a judgment creditor of Hamilton and Kushin, summoned the defendant corporation as garnishee. The garnishee answered. Steinborn made a motion to strike the answer. The motion was denied, and Steinborn electing to stand by his motion, an order was entered discharging the garnishee. From this order Steinborn prosecutes this appeal. The question for decision is whether the court erred in entering the order discharging the garnishee.

The answer averred that neither at the time of the service of the writ nor thereafter did the garnishee have in its possession, charge or control, any moneys, choses in action, credits, effects, goods, chattels, rights, lands or tenements owned by the debtors or in which they were interested. Further answering, it was

averred that April 25, 1931, the garnishee entered into a contract with Hamilton for painting and decorating, for which the garnishee agreed to pay $450; that April 25, 1931, Hamilton completed all the labor and furnished all the materials as required by the contract; that April 30, 1931, the garnishee summons was served, and that thereafter and within 60 days from the completion of the last work on the contract on May 1, 1931, Hamilton at the request of the garnishee furnished a sworn contractor's statement of all moneys due or unpaid and to become due to material dealers, subcontractors, mechanics and workmen in his employ in the performance of the contract; that this statement set forth that there were due certain sums of money totaling $626.40 to persons named for painting, and that by virtue thereof these persons claimed they were entitled to mechanics' liens upon the interest of the garnishee in its leasehold interest in the premises upon which the work was done; that thereafter on May 1, 1931, the garnishee paid to these persons named in the statement of the contractor in consideration of waivers of their respective liens the sums said to be due in the statement to the total amount of $450, and that at the date of the answer there was no money due to Hamilton from the garnishee.

The judgment creditor complains that no copy of the statement of the contractor was made a part thereof or presented with garnishee's answer; that the answer contents itself with alleging that it appeared from the statement that certain sums of money were due to six named persons for painting; that the aggregate of these sums was $626.40 or $176 more than the total contract price mentioned in the answer, but that the answer is entirely silent as to any of those matters or things from which a court might determine whether or not the six parties had performed services or had furnished materials or in what period of time and

whether the several items were the fair, usual and reasonable price or were definite amounts agreed to be paid. The judgment creditor says that the answer then recites the conclusion that these persons were entitled to a lien, but that if any of these parties made in truth and fact a claim for lien as provided by the statute, the answer is entirely silent on the subject; that it appears from the answer that there was not enough money to pay all the alleged claims in full and that the garnishee in making payment divided up the money to suit itself. It is urged upon the authority of *Buckingham v. Shoyer,* 86 Ill. App. 364, that a garnishee upon service of the writ becomes automatically the agent of the court as to moneys due the judgment debtor; that it follows therefore that it is for the court to adjudicate and not for the garnishee to determine to whom the sum of money involved in the garnishment belongs when there are conflicting claims, and that to hold otherwise is to vest in every garnishee the judicial powers which by law belong only to the court. It is urged that it was the duty of the garnishee to withhold payment of the funds in hand and by its answer in the garnishment proceeding or by an appropriate proceeding of interpleader bring to the attention of the court the fact that conflicting claims exist as to the funds in hand and await the adjudication of these conflicting claims by the court. It is contended that the payments made by the garnishee were purely voluntary acts and are not a defense to the suit in garnishment. To this point the judgment creditor cites *Green v. Johnson,* 151 Ill. App. 63.

The motion to strike seems to have been only general in its nature and did not point out any defects in the answer which under a different system of pleading would have amounted to a special demurrer. The objections therefore cannot avail in this court. If the judgment creditor desired a more specific statement as

to the facts he could have obtained it by submitting interrogatories which would have required full and sufficient answer in these respects; or if he wished to deny any fact set up in the answer he could have contested the same. He did not do this but made a motion to strike the answer and when his motion was denied elected to stand by it. Section 21 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 21 (Smith-Hurd's Ill. Rev. Stats. 1931, chap. 82, sec. 21), gives to mechanics and workmen employed by a contractor a lien "on the moneys or other considerations due or to become due from the owner under the original contract"; and section 5 of the same act, Cahill's St. ch. 82, ¶ 5, provides in substance that it shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor before the owner shall pay or cause to be paid to the contractor or to his order any moneys or other consideration due or to become due, or advance any moneys to the contractor, "a statement in writing, under oath or verified by affidavit, of the names of all parties furnishing materials and labor, and of the amounts due or to become due each." Section 21, Cahill's St. ch. 82, ¶ 21, provides that where the contractor's statement, made as provided in section 5, shows the amount to be paid to the subcontractor or party furnishing material and the subcontract is completed, such party "shall have a lien therefor to the extent of the amount named in such statement or notice."

In *Nelson v. Urban,* 236 Ill. App. 447, this court held in conformity with that statute that the rights of a subcontractor thereunder were superior to those of the creditors of the contractor, and that the reason therefor was that by virtue of section 21 the lien attached as of the date of the original contract.

Section 27 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 27, specifically provides that after the contractor's statement has been made it is the duty of the

owner to retain sufficient money to pay the claim, and payment to the contractor is expressly declared to be illegal.

It logically follows, of course, that since the garnishee could not pay to Hamilton he could not pay to Hamilton's creditor, Steinborn. *Green v. Johnson,* 151 Ill. App. 63, on which the judgment creditor relies, arose under a different statute and is clearly distinguishable upon the facts, since there (as was stated in the opinion) no notice was given as required by statute in order to establish or claim a lien. In this case while notice was not given, the statement was required rendering the notice unnecessary and perfecting the lien in favor of the parties doing the work. The answer was sufficient in that it (1) set up a contract which antedated the service of the garnishee summons, (2) alleged the performance of this contract, and (3) averred a sworn statement of the contractor as to the amount due and to whom due. Section 24 of the act referring to notice, Cahill's St. ch. 82, ¶ 24, specifically prescribes that "such notice shall not be necessary when the sworn statement of the contractor or subcontractor provided for herein shall serve to give the owner notice of the amount due and to whom due. . . ." The garnishee says that the reason for the apparent preference as between the parties named in the statement is that those paid were laborers, those not paid were materialmen, and that the garnishee followed section 27 of the Mechanics' Liens Act in making this preference. That fact was not set up in the answer but is, we think, immaterial as between the garnisher and the garnishee. Whether the claims were those of laborers or materialmen, their liens under the statute were superior to the rights of the creditors of the contractor. (*Nelson v. Urban,* 236 Ill. App. 447.)

The judgment of the trial court is therefore affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.